# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 7452 | DATE | 9/3/2002 |
| CASE TITLE | United States of America vs. Jacinto Sarabia-Saldana | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, Jacinto Sarabia-Saldana's petition to vacate, set aside, or correction his sentence pursuant to 28 U.S.A. Section 2255 is denied. This is a final and appealable order. This case is terminated. (1-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | SEP 0 5 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | | 6 |
| ✓ | Mail AO 450 form. | | | SrB, docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| TSA | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 99 C 7452 |
| v. ) | |
| ) | Judge Andersen |
| JACINTO SARABIA-SALDANA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the petition of Jacinto Sarabia-Saldana, as a prisoner in federal custody, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the petition is denied.

## BACKGROUND

On July 24, 1996, a special grand jury of the United States District Court for the Northern District of Illinois returned a twenty-six count indictment charging a vast nation-wide conspiracy to possess and distribute cocaine, a Schedule II Narcotic Drug. The petitioner, Jacinto Sarabia-Saldana, was one of thirteen individuals named in that indictment. In particular, Sarabia-Saldana was charged in Count One with the offense of conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846; in Count Twenty-four with attempting to distribute cocaine in violation of 21 U.S.C. § 846; and in Counts Twenty-five and Twenty-six with using a communication facility, namely a telephone, in causing and facilitating the commission of felony violations of 21 U.S.C. § 846 in violation of 21 U.S.C. § 843(b). On September 19, 1997, the petitioner pled guilty, pursuant to a written plea agreement between the petitioner and the United

States Attorney, to the offense of conspiracy to possess with the intent to distribute cocaine as stated in Count One of the indictment. Pursuant to that same plea agreement, Counts Twenty-four through Twenty-six were dismissed by the government. At the sentencing hearing conducted on February 5, 1998, this Court followed the plea agreement and sentenced Sarabia-Saldana to six years in prison on Count One.

On November 12, 1999, the petitioner filed his Section 2255 petition to vacate his sentence with the accompanying request that he be granted a new trial. As support for his petition, Sarabia-Saldana has raised a variety of constitutional arguments, including ineffective assistance of trial and appellate counsel, improper application of the sentencing guidelines, lack of voluntariness with respect to his guilty plea, and lack of evidence to sustain a conviction.

## DISCUSSION

Collateral relief under 28 U.S.C. § 2255, the federal version of habeas corpus, is available only in limited circumstances. The statute provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Such relief is therefore limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)).

In order for a petitioner to obtain Section 2255 collateral relief, he must file his petition within one year from the latest of four specified events: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or the laws of the United States is removed, if movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255. Although the statute itself does not define the term "final," for purposes of this case, we feel confident that the petitioner's conviction was finalized after the ten day period to appeal expired following his sentencing hearing. *See* Fed.R.App.P. 4(b)(1)(A)(i). It is also clear from the record that the other three triggering events are not applicable here. Accordingly, we conclude that the one year statute of limitations period began to run on February 15, 1998, and it expired on February 15, 1999. As we mentioned above, the petitioner filed his Section 2255 petition on November 12, 1999, almost nine months after the statute of limitations period had expired.

However, the simple fact that the statute of limitations expired does not end the inquiry. As the Seventh Circuit has held, Section 2255's statute of limitations is procedural rather than jurisdictional, and, accordingly, the limitations period may be equitably tolled. *See Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001). Equitable tolling "excuses a[n] [un]timely filing when the plaintiff could not, despite the exercise of reasonable diligence, have discovered

3

all the information he needed in order to be able to file his claim on time." *Id.* (internal citations omitted). Equitable tolling "is granted sparingly" and must be based on "extraordinary circumstances." *Id.* The Seventh Circuit has declined to rule on the extent to which equitable tolling is applicable to Section 2255 petitions "given the express tolling provisions incorporated in the statute." *Id.* Nonetheless, this determination is unnecessary for purposes of Sarabia-Saldana's petition because he clearly does not meet the standards for equitable tolling.

Noticeably absent from the petitioner's pleadings in this case is any discussion of the one-year statute of limitations contained in Section 2255 or any justification for the application of the doctrine of equitable tolling. In fact, he has offered absolutely nothing to persuade us that his failure to file his petition within the appropriate time period was caused by some external force. There can be no doubt that he was fully aware of when his conviction became final as he was present during the sentencing hearing. Further, he has presented no evidence demonstrating why it then took him almost an additional twenty-one months to finally file his petition. Therefore, we conclude that equitable tolling is inapplicable in this case and that the petitioner's Section 2255 petition should be dismissed for failure to file within the one-year statute of limitations period.

Assuming, *arguendo*, that Sarabia-Saldana filed his Section 2255 petition within the one-year limitations period, we would still dismiss this case on the merits. The petitioner first argues that he was denied effective assistance of counsel during his plea negotiations. Ineffective assistance of counsel arguments are controlled by the United States Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). To prove ineffective assistance, Sarabia-Saldana must establish that his attorney's performance fell below an objective standard

4

of reasonableness (the "performance prong") and that his counsel's deficiencies prejudiced his defense (the "prejudice prong"). *Id.* at 688-692. The performance prong requires Sarabia-Saldana to specifically identify acts or omissions that form the basis of his claim of ineffective assistance. *Id.* at 690. Based on the totality of the circumstances, the Court must then determine whether the identified acts and omissions fall outside the range of professionally competent assistance. *Id.* Courts must begin this analysis with a strong presumption that counsel rendered reasonably effective assistance. *United States v. Morales*, 964 F.2d 677, 683 (7th Cir.), *cert. denied*, 506 U.S. 903 (1992).

The prejudice prong requires Sarabia-Saldana to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 695. This requires the petitioner to show more than just a different outcome. He must show that his trial counsel's errors are so serious as to render his trial fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 368-69, 113 S.Ct. 838 (1993); *Mason v. Godinez*, 47 F.3d 852, 855 (7th Cir. 1993). Failure to satisfy either the performance prong or prejudice prong of the *Strickland* test is fatal to an ineffectiveness claim. *See Chichakly v. United States*, 926 F.2d 624, 630 (7th Cir. 1991).

With respect to the performance of Sarabia-Saldana's attorney during plea negotiations and sentencing, we find that the petitioner received more than adequate representation. In fact, as the government correctly noted in its brief, Sarabia-Saldana's attorney was able to secure a plea deal that called for a term of imprisonment which was 50% less than what was called for under the applicable guideline range. In particular, based upon the offense to which he pled guilty, his base offense level was 38, which carries a jail term of 235-295 months. If Sarabia-Saldana had

entered into a blind plea, he would have faced a sentencing range of between 135 and 168 months in prison. Instead, after the determined negotiation efforts of his counsel, an agreement was reached whereby the petitioner only received a 72-month sentence. We are unwilling to conclude that such a positive result for the petitioner was the consequence of ineffective representation.

Sarabia-Saldana also argues that his counsel was ineffective because he did not seek a minor/minimal role adjustment pursuant to Sentencing Guideline 3B1.2 nor did he seek a downward departure because he was a deportable alien. Both of these arguments are rejected. First, we find it odd that the petitioner would now be arguing that he should have received a minor role adjustment in his sentencing calculation. As a factual matter, this Court would not have granted such an adjustment because the petitioner admitted that he acted as a broker for numerous planned cocaine transactions between Texas and Chicago. Even if the petitioner had been eligible for a minor/minimal role adjustment, a reduction of either two or four points, in the absence of a plea agreement rewarding him for cooperation, would still have amounted to more prison time compared to the petitioner's actual sentence under the plea agreement negotiated by his attorney. Therefore, considering the petitioner's best interests in serving as little jail time as possible, we reject this argument. We also reject the argument that counsel was ineffective because he did not seek a downward departure based on the contention that his status as a deportable alien deprived him of early release and community confinement. As we have already mentioned, the prison sentence contained in the plea deal that counsel ultimately negotiated on the petitioner's behalf is far better than anything he would receive if he had been entitled to the

deportable alien downward departure he now advocates. Based on circumstances of case, we would have not granted downward departure

Sarabia-Saldana also challenges his federal sentence on the grounds that his guilty plea was involuntary because his attorney allegedly pressured him. With respect to this argument, we are guided by Federal Rule of Criminal Procedure 11. Rule 11 "provides a thorough hearing to determine the voluntariness and intelligence of guilty pleas, and . . defendants afforded such a hearing should not be easily let off the hook whey they feel like changing their minds." *United States v. Coonce*, 961 F.2d 1268, 1276 (7th Cir. 1992). During the petitioner's Rule 11 hearing, we orally reviewed the factual basis for his guilty plea. Also, we explained to the petitioner that by pleading guilty, he was waiving certain rights, including the right to a jury trial. Additionally, we asked the petitioner whether he was "entering a voluntary plea of guilty to Count One in the indictment because in fact you are guilty of Count One." (Plea Hearing Transcript at 4.) Upon being asked that question, the petitioner replied, under oath, "Yes, sir." (*Id.*) Finally, at the conclusion of the sentencing hearing, we stated that "[i]f you and your attorney acknowledge once more that no threats, promises or representations have been made, nor agreements reached other than those set forth in the agreement to cause to plead guilty and that this is a voluntary agreement, then I will accept it. . . Mr. Sarabia, is that true?" (*Id.* at 18.) To which, the petitioner responded, "Yes, that is true." (*Id.*) Accordingly, we find that the petitioner's guilty plea was made knowingly and voluntarily.

Finally, Sarabia-Saldana argues that his conviction should be overturned and a new trial ordered because the evidence provided by the government was insufficient to sustain a conviction on Count One of the indictment. This argument is ridiculous. Prior to the petitioner's

7

final decision to plead guilty, he had the opportunity to review the plea agreement, which set out the government's factual basis. The evidence proffered in the written plea agreement established that the petitioner acted as a broker for large-scale cocaine transactions. At no point during these proceedings did the petitioner ever dispute or disclaim the facts as presented in the written plea agreement. In fact, during the Rule 11 plea hearing, the petitioner explicitly acknowledged that all of the facts presented in the agreement were true. Additionally, the petitioner essentially admitted his crime at the sentencing hearing when he expressed regret for trying "to make some dirty money." Therefore, his insufficiency of the evidence argument is rejected.

## CONCLUSION

For the foregoing reasons, Jacinto Sarabia-Saldana's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. This is a final and appealable order. This case is terminated.

/Wayne R. Andersen
United States District Court

Dated: September 3, 2002